**Cletus BLACKWELL, Appellant,**

v.

**John SIMMONS, Respondent.**

**No. ED 86765.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 26, 2006.

James S. Collins, II, Law Offices of James S. Collins, II, St. Louis, MO, for appellant.

Edward J. Grewach, Grewach & Grewach, Troy, MO, for respondent.

### KENNETH M. ROMINES, Judge.

This case involves an automobile collision between two drivers, both of whom had been drinking. At 1:55 a.m. on 12 June 1993, Cletus Blackwell was driving home from the race track when his vehicle struck John Simmons's vehicle. The passenger in Simmons's vehicle died. Blackwell sued Simmons for damages for his personal injuries, and alleged that Simmons drove on the wrong side of the road, into Blackwell's lane, and struck Blackwell's vehicle.

The case was tried before a jury in the Circuit Court of Lincoln County, the Honorable David Hamilton Ash. The jury found Blackwell 100% at fault for the collision.

█ Blackwell argues that the Court erred when it submitted a comparative fault instruction [1] to the jury, rather than his proposed non-comparative fault instruction. While a jury instruction must be supported by substantial evidence, we will not reverse unless there was prejudicial error. *First State Bank of St. Charles, Missouri v. Frankel,* 86 S.W.3d 161, 173 (Mo.App. E.D.2002).

█ The evidence at trial, extensively presented by two accomplished trial attorneys, showed that both drivers had been drinking. The evidence also showed that the patrol officer who reported to the scene cited Blackwell for "inattention," and Blackwell was subsequently convicted of careless and imprudent driving as a result of the accident. Evidence of Blackwell's "fault"—intoxication, failure to keep a lookout, and erratic driving— was abundant. As such, the comparative fault instruction was supported by substantial evidence, and the Court did not err in submitting it.

█ Blackwell also claims the Court erred when it overruled numerous evidentiary objections. In particular, Blackwell asserts that the following evidence was improperly admitted: 1) a patrol officer, who reported to the scene but did not

---

1. The comparative fault instruction submitted to the jury stated:
   In your verdict you must assess a percentage of fault to [Blackwell] if you believe:
   First, either:
   [Blackwell] failed to keep a careful lookout, or
   [Blackwell]'s automobile was on the wrong side of the road, and

   Second, [Blackwell] in any one or more of the respects submitted in paragraph
   First, was thereby negligent, and
   Third, such negligence directly caused or directly contributed to cause
   damage to [Simmons].

observe the collision, testified that Simmons was not cited for "inattention;" 2) a patrol officer read, from his police report, a statement made by Simmons; 3) a diagram of the accident scene that lacked measurements; and 4) a patrol video depicting a trooper demonstrating vehicle paths.

■ The Court's evidentiary rulings will not be disturbed unless Blackwell shows an abuse of discretion and resulting prejudice. *Oldaker v. Peters,* 817 S.W.2d 245, 250 (Mo. banc 1991); *Porter v. Director of Revenue,* 168 S.W.3d 147, 150 (Mo.App. S.D.2005). Given the abundant evidence of the intoxication and careless driving in this case, we cannot say the admission of the above evidence—while not necessarily proper—prejudiced Blackwell. The jury's finding that Blackwell was 100% at fault for the collision was supported by significant other evidence of his own misconduct.

The judgment is affirmed.

GLENN A. NORTON, P.J., and LAWRENCE E. MOONEY, J., concur.